IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SIMEON MCINTOSH, | : | |
| Plaintiff, | : | Civil Action No. 3:14-CV-822 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| MARY SABOL, et al., | : | |
| Defendants. | : | |

### MEMORANDUM

On April 29, 2014, Plaintiff, Thomas McIntosh, an inmate currently confined at the State Correctional Institute in Coal Township, Pennsylvania, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*.[1] (Docs. 1, 2). The complaint alleges constitutional violations for events that occurred when Plaintiff was housed at the York County Prison. (Doc. 1). The named Defendants are Warden Mary Sabol, Deputy Warden Doll, and Prison Facility Manager John McCoy. (*Id.*). Plaintiff alleges that he was injured on July 14, 2012, when he slipped and fell on water that was leaking from the prison ceiling. (*Id.* at ¶ 1).

On May 1, 2014, Magistrate Judge Carlson screened the complaint and issued a Report and Recommendation ("R&R") recommending, *inter alia*, that the complaint be dismissed with respect to Defendants Sabol and Doll, but with leave to amend, and that the complaint be served on Defendant McCoy. (Doc. 5). Objections were due on or before

---

[1] On May 1, 2014, Magistrate Judge Carlson granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 5).

May 19, 2014. No objections have been filed and, for the reasons set forth below, the R&R will be adopted in part.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report under *de novo* or any other standard. *Thomas v. Arn*, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied*, 484 U.S. 837 (1987); *Garcia v. I.N.S.*, 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. *Cruz v. Chater*, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

Magistrate Judge Carlson thoroughly explains the court's screening obligations and the standards of review. (Doc. 5, pp. 3-15). The R&R outlines the requirement that each

2

defendant be personally involved in the alleged constitutional deprivation. (*Id.* at pp. 10-13). The Magistrate Judge concludes:

> In sum, in its current form this complaint fails to state a claim against supervisory defendants Sabol and Doll upon which relief may be granted. While this screening merits analysis calls for dismissal of this action, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint....
> As to defendant McCoy IT IS RECOMMENDED that the complaint be served.

(*Id.* at pp. 14-15).

After review, and in the absence of objections, this Court will adopt the Magistrate Judge's recommendation in part.

Magistrate Judge Carlson initially recommends that Plaintiff's complaint be dismissed without prejudice as to Defendants Sabol and Doll. (Doc. 5, pp. 10-15) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court must first allow a plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility)). The Magistrate Judge determines that the complaint fails to state a claim as to these Defendants. (*Id.* at pp. 10-13). The R&R states that the claims against Defendants Sabol and Doll are based on their supervisory status without any further specific factual allegations of personal involvement. (*Id.* at p. 12). The Magistrate Judge states that the complaint names Defendants Sabol and Doll in the caption, but does not set forth any allegations of personal wrongdoing in the body of the complaint. (*Id.* at p. 12). Additionally, Plaintiff appears to assert that he is suing Defendant Doll in order to pursue discovery, not because

he was personally involved in the alleged wrongdoing. (*Id.* at pp. 2, 12) (citing Doc. 1). Thus, the Magistrate Judge determines that Defendants Sabol and Doll are entitled to be dismissed from this case. (*Id.* at p. 13). However, as recommended, Plaintiff will be afforded an opportunity to file an amended complaint to cure the defects with respect to these Defendants as fully outlined in the R&R. *See* (Doc. 5).

Next, Magistrate Judge Carlson recommends that the complaint be served on Defendant McCoy, determining that the complaint sets forth an adequate claim against him. (Doc. 5, pp. 1-2, 15). The complaint alleges that Defendant McCoy knew of the leaking ceiling, but failed to fix it, thus creating a dangerous prison condition. (Doc. 5, p. 1) (citing Doc. 1). However, the complaint will not be served on Defendant McCoy at this time. In light of the fact that the complaint will be dismissed without prejudice and with leave to amend, Plaintiff will be directed to file one, all-inclusive amended complaint setting forth his allegations against Defendants Sabol and Doll, and re-alleging his claims against Defendant McCoy.

The amended complaint must be filed within twenty (20) days of the date of this Order and must cure the deficiencies discussed in the R&R. *See* (Doc. 5). Plaintiff is advised that the "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint

4

"may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." *Williams v. Pa. Dep't of Corr.*, 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

The Magistrate Judge also recommends that Plaintiff's demand for a specified sum of damages be stricken from the complaint. (Doc. 5, pp. 13-14). The R&R explains that Plaintiff's claim for specified amounts of unliquidated damages totaling $1,500,000.00 violates Local Rule 8.1. (Doc. 5, p. 13) (citing M.D. Pa. Local Rule 8.1) ("The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief *but shall not claim any specific sum where unliquidated damages are involved.*")). This Court agrees with the Magistrate Judge's analysis. However, because Plaintiff will be directed to file an amended complaint, this language need not be stricken from the complaint. Rather, Plaintiff is cautioned that any claims for specific amounts of unliquidated damages in the amended

complaint may be subject to dismissal.

On May 19, 2014, Plaintiff filed a motion for extension of time to file an amended complaint. (Doc. 6). The motion states that "[t]he Court has given Plaintiff twenty (20) days to file his Amended Complaint, such date being 20 May 2014." (Doc. 6, ¶ 3). However, the R&R recommends that Plaintiff be directed to file an amended complaint "within 20 days of any dismissal order." (Doc. 5, p. 15). Plaintiff must therefore file an amended complaint within twenty (20) days of an Order issued by this Court, not within twenty (20) days of the Magistrate Judge's Report and Recommendation. Accordingly, the motion for extension of time to file an amended complaint will be denied as premature and Plaintiff will be directed to file an amended complaint within twenty (20) days of the date of this Order.

An appropriate Order follows.

Date: May 22, 2014

Robert D. Mariani
United States District Judge