## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS SIMEON MCINTOSH, : Civil No. 3:14-cv-822
:
       Plaintiff : (Judge Mariani)
:
    v. :
:
MARY SABOL, *et al.*, :
:
       Defendants :

## MEMORANDUM

Plaintiff, Thomas McIntosh ("McIntosh"), an inmate formerly confined at the York

County Prison, in York, Pennsylvania, initiated the instant action pursuant to 42 U.S.C. §

1983.[1] (Doc. 1). The matter is proceeding *via* an amended complaint wherein McIntosh

names facility manager John McCoy as the sole Defendant. (Doc. 11). Presently pending

before the Court is Defendant's motion for summary judgment pursuant to Federal Rule of

Civil Procedure 56. (Doc. 17). McIntosh failed to file a brief in opposition to Defendant's

motion. The motion is deemed ripe for disposition and, for the reasons set forth below, will

be granted.

### I.   Summary Judgment Standard of Review

Through summary adjudication, the court may dispose of those claims that do not

---

[1]    In an effort to ascertain the custodial status of McIntosh, the Court accessed the Vinelink online inmate locator, which revealed that he has been paroled. Upon entering McIntosh's offender identification number, HW5514, into the online inmate locator system, https://vinelink.com/#/search, his status was returned as: "out of custody...paroled."

present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's,

2

then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am.,*

*Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127

S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the

summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical
> doubt as to the material facts. Where the record taken as a whole could not
> lead a rational trier of fact to find for the nonmoving party, there is no genuine
> issue for trial. The mere existence of some alleged factual dispute between
> the parties will not defeat an otherwise properly supported motion for
> summary judgment; the requirement is that there be no genuine issue of
> material fact. When opposing parties tell two different stories, one of which is
> blatantly contradicted by the record, so that no reasonable jury could believe
> it, a court should not adopt that version of the facts for purposes of ruling on a
> motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

II.    **Statement of Undisputed Facts**[2]

---

[2]    Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. *See id.* McIntosh did not file a response to Defendant's statement of material facts. Accordingly, the Court deems the facts set forth by Defendant to be undisputed. *See* LOCAL RULE OF COURT 56.1.

McIntosh alleges that he was injured on July 17, 2012,[3] when he slipped and fell due to a dangerous physical condition at the prison, water that was leaking from the ceiling onto the steps in the New South B Pod. (Doc. 11, Amended Complaint, ¶ 4; Doc. 17-2, Statement of Material Facts, ¶ 10). McIntosh alleges that Defendant knew of the water leak, failed to fix the leak, and thus, placed him in danger of harm. (Doc. 11, ¶¶ 1-2).

Defendant McCoy is the facility manager of the York County Prison. (Doc. 17-2, ¶ 1; Doc. 17-3, Affidavit of John McCoy, ¶ 1). As the facility manager, Defendant is responsible for supervising the maintenance and repair of the prison. (Doc. 17-1, ¶ 2; Doc. 17-3, ¶ 2). At all relevant times, a procedure was in place to notify Defendant of any maintenance or repair needs that were found at the York County Prison. (Doc. 17-2, ¶ 3; Doc. 17-3, ¶ 3).

The York County Prison has an inmate complaint review system that permits all inmates to file a written complaint concerning their living conditions, designated as an 801 complaint. (Doc. 17-2, ¶ 4; Doc. 17-4, Affidavit of Clair Doll, ¶¶ 3-4). The inmate complaint review system requires every complaint to be investigated and reviewed by the grievance coordinators or grievance supervisor. (Doc. 17-2, ¶ 5; Doc. 17-4, ¶ 5). The inmate has the right to appeal to the Deputy Warden, the Prison Board Solicitor, and the York County Prison Board. (Doc. 17-2, ¶ 5; Doc. 17-4, ¶¶ 6-9). All inmate complaints are entered into a computer system and are part of the inmate's prison records. (Doc. 17-2, ¶ 5). If a

---

[3]     Prison records provide that the alleged fall occurred on July 14, 2012. *See* (Doc. 17-4, pp. 6, 10).

complaint involves the prison environment, such as a claim of a leaking roof, a staff member must provide a maintenance request form to the facility maintenance manager, Defendant McCoy. (Doc. 17-2, ¶ 6; Doc. 17-3, ¶ 4).

McIntosh was housed in New South B Pod at the York County Prison. (Doc. 17-2, ¶ 7). Defendant was not aware of a leaking roof in New South B Pod on or before July 17, 2012. (Doc. 17-2, ¶ 11; Doc. 17-3, ¶ 8). Prior to July 17, 2012, there were no inmate complaints regarding a leaking roof in the York County Prison. (Doc. 17-2, ¶ 7; Doc. 17-4, ¶ 11). Prior to July 17, 2012, Defendant McCoy never received an inmate complaint form, or any other evidence of any inmate grievance involving a leaking roof in New South B Pod. (Doc. 17-2, ¶¶ 9-10; Doc. 17-3, ¶¶ 5, 7). Prior to July 17, 2012, there were no staff reports of a leaking roof in New South B Pod, and none of the officers' daily reports documented any leaks in New South B Pod. (Doc. 17-2, ¶¶ 9, 10; Doc. 17-3, ¶ 7; Doc. 17-4, ¶ 12).

McIntosh allegedly fell in July, 2012. The investigating officer reported the incident as follows:

> On the above date and time [July 14, 2012, 7:05 a.m.], [a] medical emergency was called for inmate Simeon McIntosh, # 64355, who slipped walking down the steps in New South B Pod. Medical responded[,] situation is under control.

(Doc. 17-2, ¶ 10; Doc. 17-4, p. 6).

As a result of the fall, McIntosh alleges that he suffered from two bulging discs in his back. (Doc. 11, ¶ 6). Upon his admission to the York County Prison on April 11, 2012,

McIntosh reported that he suffered from a herniated disc. (Doc. 17-2, ¶ 15; Doc. 17-4, ¶ 17; Doc. 17-4, pp. 17-19). McIntosh's medical records subsequent to the alleged fall in July, 2012 do not indicate that his fall was caused by a leaking roof or that water caused his alleged fall. (Doc. 17-2, ¶ 12; Doc. 17-4, ¶ 18). The medical records confirm that McIntosh had no visible injuries on his head or back after the alleged fall. (Doc. 17-2, ¶ 14; Doc. 17-4, ¶ 16; Doc. 17-4, p. 10). On July 24, 2012, McIntosh underwent an x-ray of the lumbar spine which revealed that there were no fractures. (Doc. 17-4, p. 15). Also on July 24, 2012, McIntosh underwent an x-ray of the hips which revealed that there was no fracture or dislocation, with mild degenerative changes. (Doc. 17-4, p. 16). In September 2012, McIntosh underwent a CT scan of the pelvis and lumbar spine which revealed no fractures with very subtle disc bulging and degenerative changes. (Doc. 17-4, p. 13).

In 2009, York County installed a new roof that covered New South B Pod. (Doc. 17-2, ¶ 8; Doc. 17-3, ¶ 6). The new roof that covered New South B Pod had a twenty year warranty. (Doc. 17-2, ¶ 8; Doc. 17-3, ¶ 6). The steps at New South B Pod are made with a skid resistant surface. (Doc. 17-2, ¶ 13).

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

6

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant seeks an entry of judgment in his favor on the ground that McIntosh failed to establish a violation of the Eighth Amendment. (Doc. 18, pp. 7-13). The Eighth Amendment protects prison inmates from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. A prisoner must also

7

demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. *Id.* However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

McIntosh alleges that Defendant was deliberately indifferent to his health and safety when he failed to repair a hole in the prison ceiling that leaks water when it rains. (Doc. 11). As to the objective prong, the Court finds that an occasional leaking roof is not sufficiently serious to constitute a deprivation of the minimal civilized measure of life's necessities. *See Allah v. Ricci*, 532 F. App'x 48, 51 (3d Cir. 2013) (the inmate's cell, which leaked water when it rained, did not give rise to "extreme deprivations" required for an Eighth Amendment conditions of confinement claim, where the problem with the rain was not consistent for the three months the inmate was in the cell, was only a problem on the day it rained and a few days thereafter, and the inmate failed to allege that he suffered any substantial injury).

As to the subjective prong, McIntosh has not established that Defendant was deliberately indifferent to his health or safety. McIntosh has not provided any evidence that Defendant was aware of the alleged leak, that it created a potentially hazardous condition and risk of serious harm, or that Defendant deliberately failed to take appropriate action. Mere negligence resulting in accident such as McIntosh's does not rise to the level of a

8

constitutional violation under the Eighth Amendment and, accordingly, is not cognizable in a

§ 1983 action. In *Santiago v. Guarini*, the inmate alleged that there was leaking water in his

cell, he slipped on the water and suffered injuries. *Santiago v. Guarini*, 2004 WL 2137822

(E.D. Pa. 2004). The inmate filed a § 1983 action setting forth an Eighth Amendment

conditions of confinement claim, arguing that the warden knew of the water leak in his cell,

failed to order a repair of the leak, and, as a result, the inmate was injured. *Id.* The Eastern

District found that the inmate failed to establish an Eighth Amendment conditions of

confinement claim and stated as follows:

> Although Plaintiff uses the words "deliberate indifference," he has alleged no
> facts from which the inference could be drawn that Defendant subjectively
> knew of and appreciated a substantial risk with regard to that leak. *See
> Thomas v. Zinkel*, 155 F.Supp.2d 408, 414 (E.D. Pa. 2001) (granting
> defendants' motion to dismiss where pro se plaintiff "use[d] the constitutional
> code words 'deliberate indifference'" but alleged only that prison officials knew
> of water leak and should have repaired it); *see also Denz v. Clearfield
> County*, 712 F.Supp. 65, 66 (W.D. Pa. 1989) (granting defendant's motion to
> dismiss where prisoner inserted the phrase "deliberate, willful and wanton" but
> alleged only that defendant failed to repair his inadequately ventilated cell).
> Moreover, Plaintiff has not alleged facts to demonstrate that, indeed, the
> water leak posed a substantial risk to his safety. Slippery prison floors are
> not objectively serious conditions giving rise to Eighth Amendment protection.
> *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison
> floors ... do not state even an arguable claim for cruel and unusual
> punishment") (citation and quotation omitted); *Robinson v. Cuyler*, 511
> F.Supp. 161, 163 (E.D. Pa.1981) (holding that a slippery kitchen floor in a
> prison is not hazardous enough to merit constitutional protection).... At most,
> Plaintiff has successfully alleged that Defendant was negligent, but
> "negligence does not transform into a constitutional claim solely because it is
> committed under color of state law." *Zinkel*, 155 F.Supp. at 414 (citing
> *Estelle*, 429 U.S. at 105-06).

9

*Santiago v. Guarini*, 2004 WL 2137822, *2 (E.D. Pa. 2004).

Similarly, this Court finds that Defendant's conduct, at best, constitutes negligence and, as such, does not implicate McIntosh's constitutional rights under § 1983. The undisputed evidence establishes that Defendant was not aware of the leaking roof and was not aware that it may have caused a serious risk of harm to McIntosh. (Doc. 17-3, ¶¶ 5, 7). There is no evidence that any grievances or maintenance repair slips were filed prior to the alleged fall concerning a leaking roof, and there is no evidence that Defendant had any contact with a grievance coordinator about such a grievance. (Doc. 17-3, ¶¶ 5, 7, 8; Doc. 17-4, ¶¶ 11, 12, 18). The undisputed evidence further reveals that the stairs in question are made with a diamond plate skid resistant material, have handrails for safety, and are in a well-lit area. (Doc. 17-2, ¶ 13; Doc. 17-4, ¶ 15; Doc. 17-4, pp. 7-9). Additionally, a new roof with a twenty year warranty was installed over the area where McIntosh claims that he slipped and fell. (Doc. 17-2, ¶ 8; Doc. 17-3, ¶ 6). Moreover, the uncontroverted medical records provide that McIntosh suffered no fractures to his lumbar spine or pelvis subsequent to the alleged fall. (Doc. 17-4, pp. 13-16).

McIntosh has not presented any evidence to dispute these facts and has not presented any evidence in support of the allegations in the amended complaint. A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. *Pappas v. City of Lebanon*, 331

F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. *See Anderson*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986); *see also* FED. R. CIV. P. 56(c), (e). The record is devoid of any such corroborative evidence. McIntosh has thus failed to establish that the deprivation alleged was objectively, sufficiently serious, and that Defendant acted with deliberate indifference to an excessive risk to his health and/or safety as required by *Farmer*. Consequently, the Court will enter summary judgment in favor of Defendant with respect to McIntosh's Eighth Amendment claim.

## IV.    Conclusion

For the reasons set forth above, the Court will grant Defendant's motion (Doc. 17) for summary judgment. A separate Order shall issue.

Date: April /7, 2017

Robert D. Mariani
United States District Judge